ones are invalid as to beneficiaries named in the trust who are nòt made parties. *Butler v. Butler,* 164 Ill. 171; *Chandler v. Ward,* 188 Ill. 322; *LaForge v. Binns,* 125 Ill. App. 527. The court erred in overruling the special demurrer which urged a want of necessary parties.

It is not proper at this time to discuss the decree rendered, which, without any prayer therefore in the cross-bill, construed the will without regard to the issues joined on that question on the original bill.

The decree is reversed because, of the error in overruling the special demurrer, and the cause is remanded with instructions to sustain the special demurrer on the ground that there is a lack of necessary parties.

*Reversed and remanded with directions.*

---

## William C. Bell, Administrator, Plaintiff in Error, v. John A. Egelhoff et al., Defendants in Error.

### (Not to be reported in full.)

Error to the Circuit Court of Jersey county; the Hon. NORMAN L. JONES, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed April 16, 1917.

### Statement of the Case.

Bill by William C. Bell, administrator of the estate of John Egelhoff, deceased, complainant, against John A. Egelhoff, Magdelena Groppel and Joseph Schmeider, defendants, to foreclose a vendor's lien and for accounting. From a decree dismissing the bill for want of equity, complainant brings error.

HAMILTON & HAMILTON, for plaintiff in error.

THOMAS F. FERNS, SUMNER & REARDON, F. A. DU HADWAY and W. J. CHAPMAN, for defendants in error.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

## Abstract of the Decision.

1. VENDOR AND PURCHASER, § 259*—*when subsequent deed operates as release of liens for sums unpaid by purchasers.* Where complainant's intestate executed a certain deed conveying to two of the defendants certain property upon consideration, in part, of certain future payments to be made by such defendants during the intestate's life, and later said intestate joined with such defendants in a second deed conveying the property to one of such defendants and a third defendant, held that the second deed was in effect a release of all liens for any sums whatever to be paid under the first deed.

2. VENDOR AND PURCHASER, § 269*—*when foreclosure of vendor's lien not allowed.* Where complainant's intestate executed a deed conveying certain property "in consideration of $5,000, the receipt of which is hereby acknowledged," and other consideration, to certain of the intestate's children, *held* that there was no stipulation in the deed that the sum of $5,000 should be paid by the grantees, and no foreclosure of the vendor's lien would lie because of nonpayment.

3. ANNUITIES—*what is effect of death of annuitant before day of payment.* If an annuitant dies before the day of payment, his representatives cannot claim any portion of the annuity for the current term.

4. VENDOR AND PURCHASER, § 273*—*when evidence sufficient to show no indebtedness in suit to foreclose lien.* Evidence, *held* sufficient to sustain the finding that defendants were not indebted to the estate of deceased, in a suit by an administrator to foreclose a vendor's lien for certain payments to be made by grantees of property purchased from intestate and for an accounting.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.